[No. 2,304.]

JAMES CUNNINGHAM *v.* DELOS R. ASHLEY, JESSE D. CARR, AND HENRY RICE, ADMINISTRATOR OF THE ESTATE OF JOHN KITTLEMAN, DECEASED.

ADMINISTRATOR AS A PARTY TO REAL ACTION.—An administrator who is a party to an action involving the title of his intestate to real estate, represents the title which the deceased had at the time of his death.

JUDGMENT AGAINST ADMINISTRATOR ESTOPS THE HEIRS.—When an administrator sues in ejectment to recover the land of his intestate, and alleges the seizin of the deceased, and issue is joined on this point, and judgment rendered, the judgment is an estoppel, and binds the heirs of the intestate and all persons claiming under them.

IDEM.—If such judgment is in favor of the administrator, it amounts to an adjudication that the title of the deceased is superior to that on which the defendant relies, and estops the defendant, his heirs, and privies; but if it is in favor of the defendant, it is an adjudication that the title of the defendant is superior to that which the intestate had, and estops the heirs of the intestate, the administrator, and creditors, and all persons asserting title as having vested in them by reason of the death.

IDEM.—Such estoppel applies not only to the title which is set up, but to any title which might have been set up in the action.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The lot in controversy in this action is the one involved in the case of *Rice, administrator, etc., of Kittleman, deceased,* v. *Cunningham et al.,* 29 Cal. 492; and the judgment in that case is the one relied on here as an estoppel.

After the decision of that case the defendant Ashley acquired the interest of the heirs of Kittleman in the property.

The defendant Rice suffered a default in this case. The defendant Carr, in 1859, purchased the lot at administrators' sale, and received the deed of the administrator; but, in 1867, Ashley brought a suit in the District Court against Rice, the administrator, and Carr, to have the probate sale set aside, and the same was set aside and declared void on the 17th day of August, 1867.

The other facts are stated in the opinion.

*John B. Felton*, for Appellants.

Conceding that the judgment in the case of *Rice* v. *Cunningham* was a judgment against the administrator of the estate of Kittleman, such judgment would not bind the heirs, for the reason that the administrator did not have in him the legal title. He had but the rights of possession, and this was all that could be bound by a judgment against him.

*S. M. Wilson*, for Respondent.

That a judgment in ejectment is a bar to a second action against all parties and privies is no longer an open question in this State. (*Caperton* v. *Schmidt*, 26 Cal. 490; *Vance* v. *Olinger*, 27 id. 359; *Garwood* v. *Garwood*, 29 id. 521; *Marshall* v. *Shafter*, 32 id. 189; *Mahoney* v. *Van Winkle*, 33 id. 459; *Miles* v. *Caldwell*, 2 Wall. U. S., R. 35; *Blanchard* v. *Brown*, 3 id. 245; *Hardy* v. *Jackaway*, 4 id. 174.)

There can be no doubt that under our system the probate of a will binds the realty as well as the personalty in all collateral matters, as well as where the question is immediately involved. (*Case of Wells' Will*, 5 Littell R. p. 274; *Tompkins* v. *Tompkins*, 1 Story, C. C. R. 552; *Spencer* v. *Spencer*, 1 Gal. 623.)

Under our statute the executor or administrator has a right to the possession of all the real as well as personal estate of the deceased, and may receive the rents and profits

of the realty until the estate is settled or delivered over, by order of the Probate Court, to the heirs or devisees. In the meantime, he must keep in good tenantable repair all houses, buildings, and fences. (Belknap's Pr. Law, p. 72, Sec. 114.)

By section one hundred and ninety-four of the Probate Act, the administrator is again required to "take into his possession all the estate of the deceased, real and personal," etc. By section one hundred and ninety-five, it is provided as follows:

"Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates."

Sections one hundred and ninety-six and one hundred and ninety-seven provide for almost all other actions by and against executors and administrators.

Section one hundred and ninety-eight gives an action to the administrator against the surviving partner of the deceased.

Section one hundred and ninety-nine gives the administrator an action on the bond of a former administrator or executor.

Section two hundred and two allows the administrator even to file a bill to set aside a conveyance of his own intestate as fraudulent against creditors.

By section two hundred and five, what is substantially a bill for the specific performance of a contract for the conveyance of land by the intestate, is provided for against the administrator; and upon a decree in favor of the petitioner, it is the administrator, and not the heir, who makes the conveyance.

In all this great system, which affects, every few years, all

the land of the State, not a word is said in regard to the heir, except as the recipient of the residue, after the duties of the administrator have ended.

Here the administrator represents both realty and personalty, as he does in many States.

In Pennsylvania, where the real and personal property are both a fund in the hands of the administrator for the payment of the debts of the deceased, it has been held that as he represents both realty and personalty, and that the real estate may be sold on a judgment against the administrator. (*Graff* v. *Smith*, 1 Dall. 483; *Wilson* v. *Watson*, 1 Peter's C. C. R. 269, 272, 273; *Morris* v. *Smith*, 1 Yeates, 243; *Young* v. *Taylor*, 2 Binn. 218; *Commonwealth* v. *Rohm et al.*, 2 Serg. & R. 377.)

So in South Carolina. (*Martin* v. *Latta*, 4 M. Cord R. 128; *Spencer* v. *Godfrey, admr., et al.*, 1 Bailey, Eq. R. 469; Ch. Dessaussure.)

So also in Louisiana. (*Randall's Heirs* v. *Baldwin*, 4 Martin R. 456.)

This was the law in Missouri until recently. (*Carson et al.* v. *White*, 16 Mo. R. 81.)

So in Massachusetts. (*Gore* v. *Brazier*, 3 Mass. R. 523.)

This was the civil law. (Pothier on Obl. No. 52.)

We have seen by the Probate Act that actions of ejectment may be brought by and against executors and administrators. The Civil Practice Act is in perfect harmony with this, and provides as follows:

" Sec. 6. An executor, or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person or persons for whose benefit the action is prosecuted."

Now, for whose benefit does an executor or administrator sue? Clearly, heirs as well as creditors. Of a solvent estate, or where there are no debts, the suit would manifestly be for the benefit of the heirs.

" In all suits for the benefit of the estate, he represents both the creditors and the heirs," etc. (*Beckett* v. *Selover*, 7 Cal. R. 239.)

" By our statute, 'regulating the settlement of estates,' all property of the deceased, both real and personal, goes into the possession of the administrator. The administrator being entitled to the possession of the real property, must be a party to all suits affecting it." (*Harwood* v. *Marye et al.*, 8 Cal. 580.)

The administrator, and not the heir, is the proper party to bring ejectment. (*Curtis* v. *Herrick*, 14 Cal. 119.)

The administrator is the proper party to bring an action to quiet the title of the property of the deceased of which he has possession. Such a suit is " prosecuted for the benefit of the estate." (*Curtis* v. *Sutter*, 15 Cal. 264.)

In this State the personalty and realty occupy the same position in the hands of the administrator, therefore his relation to the heir as to land is the same as to personalty, and as to both it is exactly like that of the trustee to the *cestui que trust*.

Now when a trustee is barred by the Statute of Limitations, the *cestui que trust* is likewise barred, even though an infant. (Hill on Trustees, 267, 403, 504; *Williams* v. *Otey*, 8 Humph. 563; *Wooldridge* v. *Planters' Bank,* 1 Sneed, 297; *Worthy* v. *Johnson*, 10 Geo. 385; *Long* v. *Cason*, 4 Rich. Eq. 60; Tiffany & Ball on Tr. 720; *Hovenden* v. *Lord Annesley*, 2 Sch. & Lef. 628; *Pentland* v. *Stokes*, 2 Ball & B. 74; *Lyon* v. *Marclay*, 1 Watts, 275; *Needlecott* v. *O'Donnell*, 2 Ball & B. 67, 156; *Cowling* v. *Douglass*, 4 Geo. U. S. 206.)

The question next occurs, if it is not already answered, as to whom the administrator represents when he does bring an action to recover lands claimed to belong to the estate? Or who is in privity with him?

" In all suits for the benefit of the estate, he represents both the creditor and the heirs." (*Beckett* v. *Selover*, 7 Cal. 239; *Tyler* v. *Houghton*, 25 id. 29; *Tynan* v. *Walker*, 35 id. 237, et seq.; Nos. 49, 50, Eq. Rules U. S. Courts; other cases above cited.)

Heirs in actions concerning the estate are not necessary parties, because they are represented in the person of the executor or administrator. (*Mead* v. *Mitchell*, 5 Abb. Pr. R. 106; same case affirmed, 17 N. Y. R. 212, et seq.)

In this case, in referring to one person being represented by another in an action, the Court says: "A familiar instance of the application of this principle is that of executors and administrators, in respect of the personal estate of the testator or intestate. Whenever a suit is instituted, which affects that personal estate, all the legatees have precisely that kind of interest which has been specified in the general rule; but they are unnecessary parties, inasmuch as by law their interests are protected, they themselves may be said to be represented in the person of the executor or administrator." (Calvert on Parties, 20.)

Keeping in view, then, that the power of the administrator here is the same over realty as over personalty, and the rule becomes directly applicable to the case at bar.

The result of being represented is, that a judgment against the representative binds the person represented. This principle goes so far as to bind even persons not *in esse*, and yet who do not take from the party against whom judgment is rendered—as in the case of a contingent remainder-man or persons taking under an executory devise, who may yet come into being; these are bound by a judgment, as being virtually represented by the parties to the action in whom the present estate is vested.

This is fully illustrated in *Mead* v. *Mitchell*, last above referred to, and the cases there cited; see, also, *Clemens* v.

*Clemens,* 37 N. Y. Rep. 59; *Cheeseman* v. *Thorne,* 1 Edw. Ch. R. 629; 2 Hoff. Ch. Pr. 161, 162; Barb. Ch. R. 287.

In these cases it is called "virtual representation," but in the case of an administrator there is an actual and direct representation. See, also, many instances in which parties are representatives of persons not parties to an action directly, and yet the latter are bound by decrees against the former. (Story Eq. Pl., Secs. 140 to 151, and cases cited; *Peacock* v. *Marks,* 1 Ves. Jr. 131, and note; Calvert on Parties, 20, 48, 50, 51; Mitford's Eq. Pl. 174.)

By the Court, WALLACE, C. J.:

In 1859 the administrator of the estate of John Kittleman commenced an action of ejectment against Cunningham (who is the plaintiff in this action) and his tenants to recover the premises in controversy here, being a lot in San Francisco. The complaint of the administrator filed in that action averred that at the time of his death his intestate, Kittleman, was seized in fee as owner of the premises; this averment was denied by the defendants, who set up title in Cunningham, their landlord, who defended the action. The trial of the action subsequently had was upon the merits of the titles respectively claimed and relied upon by the parties, and resulted, in the year 1863, in a final judgment in favor of the defendants.

In the present action, commenced by Cunningham in the year 1868 against Henry Rice, administrator of Kittleman's estate, Delos R. Ashley and Jesse D. Carr, to quiet his title to the premises, the defendant Ashley denied the title of Cunningham, and set up title in himself, derived to him from the heirs at law of Kittleman, and a judgment for Cunningham having been subsequently rendered in the Court below, this appeal is taken from the judgment and from an order denying a new trial.

It appears that at the trial of the present action the plaintiff, Cunningham, put in evidence a grant of the premises made by the Alcalde to one Gelston, in June, 1847, and proved that the title of Gelston had subsequently vested in himself. He then read in evidence the record of the action of ejectment, and, after giving some further evidence not material to be stated, rested.

The defendant Ashley then offered to prove that the said John Kittleman died seized of the lot in controversy, and that Kittleman derived title under an Alcalde grant bearing date of December, 1846, the same title which was brought in controversy in the action of ejectment; and that this title of Kittleman had passed to and become vested in himself " by divers mesne conveyances from the heirs of said John Kittleman." This offer was objected to upon several grounds, among them upon the ground that by reason of the judgment rendered in the action of ejectment, the defendant Ashley was estopped to allege the title of Kittleman or to deny that of Cunningham, and the Court below having thereupon excluded the evidence offered by the defendant Ashley upon this point, the propriety of its ruling in this respect is the principal question to be determined here.

1. The pleadings in the action of ejectment having placed the title to the premises directly in issue, there can be no doubt that had Kittleman himself been the party plaintiff in the action when the judgment was rendered, that judgment must have concluded him during his lifetime, and his heirs after his decease, and, by necessary consequence, must have also concluded Ashley, whose title is only such title as the heirs of Kittleman might have asserted for themselves after the death of their ancestor.

2. It is insisted, however, for the appellant Ashley, that the judgment rendered in the action of ejectment, instituted, as we have seen, by the administrator of Kittleman, cannot be held to have concluded his heirs, " for the reason that

the administrator did not have in him the legal title." The one hundred and ninety-fifth section of the Act to regulate the settlement of the estates of deceased persons provides, in express terms, that an administrator may maintain an action "*for the recovery of any property, real or personal,*" in any case in which the same might have been maintained by the intestate.

In view of this provision of the statute, it becomes unnecessary to inquire into what is the nature of the title of an administrator, either as to the lands or goods of his intestate, or whether he can be properly said to have in himself any title whatever to either. The principle of law upon which the estoppel rests has reference to the fact that in the former action the hostile titles were directly opposed before the Court rendering the former judgment, and that the superiority of the one over the other was ascertained and fixed by that judgment. That an administrator appearing in an action involving the interests of the estate, represents as well the heirs as the creditors of the deceased is well settled. But he represents not only the interests of heirs and creditors, but also the title which the deceased had at the time of his death. When, therefore, in an action of ejectment, an administrator, seeking to recover the real estate of his intestate, alleges upon the record the seizin of that intestate, he thereby tenders an issue directly upon the title of the premises. If issue be joined by the defendant upon this point, and judgment be rendered, it is necessarily an adjudication that *the title of the intestate* was or was not superior to the title set up, or which might have been set up by the defendant in the action.

Title is the means by which the right to possess property is made to appear. The authority conferred, and the duty expressly imposed by statute upon the administrator to institute actions to recover real property belonging to the estate which he administers, necessarily import that he is to make

such averments in pleading, and support them, if he can, with such proof as would entitle him in point of law to recover the possession of the premises by the judgment of the Court. The title upon which he is to recover is not his own title, nor that of the heirs or the creditors he represents, but the title of the intestate. The seizin upon which he must rely is the seizin which the deceased had at the time of his death. It is that title and that seizin which is put in issue, and the sufficiency of which is determined by the judgment rendered in the action. If the judgment be in favor of the administrator, it amounts to an adjudication that the title of the deceased, represented by the administrator, is superior to that upon which the defendant relies; and such a judgment would, upon that point, estop the defendant or his privies in a subsequent action brought for the recovery of the same premises in favor of the administrator, or the heirs, after distribution made, or in favor of any person who had subsequently succeeded to that title, or to the right to assert it in Court. All these consequences necessarily flow from the statutory right of the administrator to sue for the recovery of the estate of the deceased, otherwise there is the anomaly of an action brought, and a judgment rendered upon the issue joined, by which judgment, however, nothing is in effect determined, and no one concluded. So, if (as in the action of the *Administrator of Kittleman* v. *Cunningham*) upon an action brought by the administrator against a defendant in possession of real property, upon the allegation of seizin in the deceased at the time of his death, it be adjudged that the intestate was not seized, or that the defendant had the better title, the legal consequence follows, that the administrator, the heirs, and creditors, and all persons subsequently asserting that title, as having vested in themselves by reason of the death of the intestate, are alike estopped to deny the superiority of the title of the defendant adjudicated in the former action.

I am, therefore, of opinion, that the evidence offered by the defendant Ashley was correctly excluded by the Court. This view renders it unnecessary to consider the other points made, as to the effect of the judicial proceedings by which it was adjudged as between the heirs of Kittleman and the defendant Carr that the conveyance made to the latter by the administrator was void, for, under the views already announced, the heirs themselves being estopped by the judgment in the Cunningham case, the defendant Ashley, claiming only as their grantee, must be held to be also concluded by that judgment.

The judgment and order denying a new trial are affirmed as of April 25th, 1870.

Mr. Justice Niles did not express an opinion.