[Civ. No. 3328. First Appellate District, Division One.—May 11, 1920.]

## FRANK R. SCHWARZ, Respondent, v. FREDERICK H. BOHLE et al., Appellants.

[1] QUIETING TITLE — ACTION AGAINST ADMINISTRATOR — SCOPE OF JUDGMENT—PARTIES.—A judgment entered in favor of the plaintiff in an action to quiet title against the administrator of the estate of a deceased person is binding upon her estate, and is binding and conclusive as against the heirs of said deceased, even though they are not made parties defendants.

[2] ID.—DISCLAIMER BY DAUGHTER — ABSENCE OF INTEREST — WANT OF CONSIDERATION.—The trial court, in such action, having determined that the property in question was the community property of the plaintiff and his deceased wife, and hence passed to him solely and absolutely upon her death, and that the daughter of such deceased wife never had any interest whatever in said property, the disclaimer by such daughter of any interest in the property, she having been made a party defendant, could furnish no consideration for an oral promise by plaintiff to deed her the premises upon demand.

[3] STATUTE OF FRAUDS—ORAL PROMISE TO CONVEY PROPERTY.—An oral promise to convey property upon demand is void under section 1624 of the Civil Code, in the absence of elements of fraudulent conduct taking the case outside of the requirements of said statute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore L. Breslauer and Harold C. Faulkner for Appellants.

McPike & Murray for Respondent.

RICHARDS, J.—This action was instituted by the plaintiff to recover possession of the premises involved in it from the defendants, who were alleged to be tenants of the plaintiff and to have failed to pay their rent, and also failed and refused to surrender possession of the premises to the plain-

tiff as the owner thereof. The answer of the defendants denied their relation as tenants of the plaintiff and denied that the plaintiff was the owner of the premises. As a further answer to the plaintiff's complaint the defendants alleged that one Julia Schwarz, deceased, the wife of the plaintiff, and the mother of the defendant Eva Anna Bohle, was in her lifetime the owner of the premises in question; that she died intestate, and that after her death the plaintiff in this action represented to the said defendant Eva Anna Bohle that if she would disclaim to him all interest in the property he would clear the title, and would thereafter on demand grant said premises to said Eva Anna Bohle; and that relying on such representations she disclaimed all her right, title and interest in said property to said plaintiff, but that said plaintiff upon her demand has refused to convey said property to her; wherefore she prays that she be adjudged the owner of said property; and that the plaintiff be required to deed the same to her.

Upon the trial of the cause the plaintiff testified that the property in question was purchased by himself and his said wife, Julia Schwartz, as community property; that upon her death an administrator was appointed of her estate; that the plaintiff thereupon commenced an action against said administrator and also against the two children of himself and his deceased wife, of whom Eva Bohle was one, to quiet title to the premises, alleging the same to have been community property, and that he since his wife's death was the sole and absolute owner thereof. The administrator filed a general denial in said action; the other two defendants filed disclaimers therein. Upon the trial of that action the plaintiff recovered judgment, decreeing him to be the sole owner of the property. The judgment-roll in that case was then introduced in evidence in this case, and the plaintiff rested. Thereupon the defendants undertook to offer evidence in support of the affirmative averments of their answer to the effect that the plaintiff had orally promised the defendant herein, Eva Anna Bohle, that if she would give him a disclaimer in the former suit he would convey the premises to her upon demand. The court refused to permit the defendants to make this proof upon the two grounds that if it was offered as an attack upon the former judgment it was inadmissible since that judgment was *res adjudicata* between

the parties to this action; and if, on the other hand, it was offered by the defendant in an effort to establish an oral trust in the plaintiff to convey the premises to the said defendant Eva Anna Bohle their pleadings were wholly insufficient to permit oral proof of such trust. The court thereupon rendered its judgment in the plaintiff's favor, and from such judgment the defendants prosecute this appeal.

[1] We are satisfied that the trial court committed no error in its aforesaid rulings upon the trial of this cause. The judgment entered in the former action to quiet title against the administrator of the estate of Julia Schwarz, deceased, was, of course, binding upon her estate, and would have been binding and conclusive as against the heirs of said deceased even if they had not been parties to and have filed disclaimers in said action. (*Cunningham* v. *Ashley,* 45 Cal. 485; *McCaughey* v. *Lyall,* 152 Cal. 615, [92 Pac. 681].) It would, therefore, have been *res adjudicata* against these defendants if they had undertaken in this action to attack the same.

[2] But the defendants, by their affirmative pleading in this case, make no attack upon said judgment, and in fact in their briefs herein expressly disclaim any intent to assail said judgment. The defendants' sole contention, as disclosed by their said pleading, is that the plaintiff received from Eva Anna Bohle a disclaimer of any interest in said premises derived from her deceased mother upon his oral promise to thereafter deed said premises to her, and that he has refused to make said deed. There are no averments of actual fraud in this pleading, nor is there the slightest attempt to bring this case as to its pleadings within the case of *Brison* v. *Brison,* 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689], and the later cases approving its doctrine as to constructive fraud. The utmost that can be said of the defendants' case, as presented both in their said pleading and in their proposed proofs, is that they are attempting to enforce an oral agreement to convey real estate. There are several insuperable obstacles in the way of the defendants' success. The judgment in the former case decreed that the property in question in both cases was the community property of the plaintiff and his deceased wife, and hence passed to him solely and absolutely upon her death. The defend-

ants, as we have seen, are bound by that judgment, and in fact do not assail it. It was thus conclusively determined that the defendant herein Eva Anna Bohle never had any interest whatever in said property. Her disclaimer, therefore, could furnish no consideration for the plaintiff's oral promise to deed her the premises upon demand, and it was therefore such a promise which, even if made, equity would not enforce. **[3]** The provisions of section 1624 of the Civil Code embracing the statute of frauds is another insurmountable barrier to the defendants' recovery in this action in the absence of those elements of fraudulent conduct on the plaintiff's part taking the case outside of the requirements of said statute. The trial court properly ruled that the defendants had presented no such case in their pleadings as would permit them to make their proffered proofs. The judgment is therefore affirmed.

Waste, P. J., and Knight, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 10, 1920, a majority of the Justices not having expressed their consent to the granting thereof.