[Civ. No. 5777. Third Appellate District.—April 2, 1937.]

SUSANNE HOLLYFIELD, Respondent, v. MARTIN E. GEIBEL, Executor, etc., Appellant.

Porter & Sutton and E. D. Mulford for Appellant.

Howard F. Shepherd for Respondent.

THOMPSON, J.—Martin E. Geibel, as executor of the estate of George W. Hollyfield, deceased, has appealed from a judgment which was rendered against him in his representative capacity, foreclosing a lien upon specifically described real property, to satisfy a judgment which was rendered in another suit quieting title in this plaintiff, Susanne Hollyfield, to an undivided one-fourth interest in the real property, and to the sum of $1683.52 held in the possession of this appellant.

It is contended the former judgment which determined this respondent's title to the undivided one-fourth interest in the real property and to said sum of $1683.52 in the possession of the appellant, and establishing a lien upon the real property to secure the payment of the said sum of money, is void for the reason that the court was without jurisdiction in that cause, and that, in any event, the court exceeded its jurisdiction by creating the lien and failing to provide that said sum should be paid from the assets of the estate only in due course of administration after all debts and expenses of the estate were first paid.

The appeal is presented to this court on a settled bill of exceptions, which shows that George W. Hollyfield died testate in Los Angeles, possessed of real and personal property; that aside from some nominal legacies, his widow was named sole devisee under his will; that upon proceedings duly had the will was admitted to probate and Martin E. Geibel was appointed and qualified August 19, 1930, as executor thereof; that the estate was appraised at the sum of $21,000, including the real property and the sum of $6,734.07 involved in this action, which were claimed as the property of the estate. The bill of exceptions shows that the proceedings of a former suit to quiet title in Susanne Hollyfield to an undivided one-fourth interest in that property were received in evidence in this case over the objections of the appellant. The pleadings in the former suit are not included in the bill of exceptions save that brief summaries thereof do appear. The judgment which was rendered in that case appears in full. After reciting the preliminaries thereof, including the fact that the appellant "Martin E. Geibel, as executor of the estate of George W. Hollyfield, deceased, by himself in his own proper person" appeared as attorney for the estate, the judgment then provides in part:

"Thereupon the trial of said action proceeded, and *evidence both oral and documentary was offered* by the respective parties, and said parties having filed herein a written stipulation *relating to the judgment that might be entered herein;* thereupon . . .

"It is ordered, adjudged and decreed as follows:

"1. That the plaintiff Susanne Hollyfield is the owner and entitled to the possession of an undivided one-fourth interest in and to the following described real property . . . (describing the property hereinbefore referred to).

"2. That Susanne Hollyfield was the owner and was entitled to be paid at the date of the death of George W. Hollyfield . . . one-fourth of moneys on deposit in the First Trust & Savings Bank of Pasadena, California, in an account in the name of . . . Mary Jane Fleming Hollyfield, . . . which said moneys on deposit in said account amounted at said time to the sum of $6,734.07, of which one-fourth herein found to belong to the plaintiff, amounted to the sum of $1,683.52.

"3. . . . That the said plaintiff, Susanne Hollyfield, was at the time of the commencement of this action, and now is the

owner absolute and in fee simple of an undivided one-fourth interest in and to real property above described, and the owner of the above mentioned sum of money amounting to $1,683.52, . . . ''

The judgment in the former action then determines that Martin E. Geibel, as executor of the estate of George W. Hollyfield, deceased, is entitled to the custody of said undivided three-fourths of the real property and three-fourths of the money in bank ''for the purpose of administration''. That judgment further determines, pursuant to the allegations of her cross-complaint which was filed in that action, that the fee in said undivided three-fourths of the real property and of three-fourths of the money in bank belongs to Mary Jane Fleming Hollyfield, subject to a lien on her share of the real property to secure the payment to Susanne Hollyfield of said sum of $1683.52, found to be her property. The paragraph in the decree which creates the lien is worded as follows:

''Subject, however, to a lien upon the above described undivided three-fourths interest in said property in favor of the plaintiff herein, Susanne Hollyfield, and to secure the payment of said sum of $1683.52, per provisions heretofore made.''

The bill of exceptions also shows that *after the introduction of oral and documentary evidence* in the former suit to quiet title, the following stipulation of respective parties, including the attorney for the estate, with regard to the rendering of judgment and the conclusiveness thereof, was filed in the following language:

''That without further proof being offered by any parties to said action that the above entitled court may, if it is so advised, enter a judgment in the above entitled action in accordance with copy of said judgment hereunto attached to this stipulation.

''With reference to the plaintiff Susanne Hollyfield, it is understood and agreed that her attorney, Howard F. Shepherd, does not have authority to settle or compromise the above entitled action for his client, but does stipulate that the facts brought forth at the trial of the action will support a judgment in the form hereunto attached.

''It is further stipulated by all parties hereto that findings of fact and conclusions of law in connection with the judg-

ment to be entered in the above entitled action, are hereby waived.

"It is further understood and agreed by all parties to this stipulation that the right of any party to said action to move for new trial, or to vacate the above mentioned judgment and enter a different judgment, or to appeal therefrom, is, in consideration of the mutual agreements hereto, expressly waived."

■ To show certain alleged admissions of the plaintiff as to the nature of her claim of title to the real and personal property which is involved herein, the appellant procured an order of court for diminution of the record and filed in accordance therewith a certified copy of the amended complaint in the former suit to quiet title. It is true that an original pleading in a particular suit on trial, under the provisions of section 670 of the Code of Civil Procedure, has been deemed to be a part of the judgment roll, even though it has been superseded by an amended pleading, at least for certain purposes, such as the determination of whether the action is barred by the statute of limitations. (2 Cal. Jur. 514, sec. 254.) That rule, however, has no bearing on the present case. It may not be said the original pleadings in a former action, or any of the pleadings thereof, are a part of the judgment roll in the present suit. ■ Since the amended complaint in the suit to quiet title was not incorporated in the bill of exceptions, and is not a part of the judgment roll in this case, we may not be permitted to resort to it on this appeal to support any alleged admissions or omissions of testimony which are not included in the bill of exceptions. We are of the opinion that pleading is incompetent for any purpose on this appeal and it must be disregarded. ■ Moreover, if it contains admissions in conflict with the decision in this case, its use for that purpose would amount to a collateral attack upon the judgment in the former action which became final, since no appeal was taken therefrom. In truth, the right of appeal from that judgment was specifically waived by this appellant.

■ There is no doubt the superior court had jurisdiction to entertain and determine the suit to quiet title to both the real property and the money in bank and the plaintiff was specifically authorized to bring the independent suit for that purpose against either the executor of the estate of the decedent, or his heirs, or both. (Sec. 573, Probate Code; 11B

148

Cal. Jur. 423, sec. 991; *Schwarz* v: *Bohlc,* 47 Cal. App. 445 [190 Pac. 819].) The judgment which was rendered in the suit to quiet title is binding on both the executor, in his representative capacity, and against Mary Jane Fleming Hollyfield, as the devisee and surviving widow of the deceased, since both were parties to that action.

The judgment which was rendered in the suit to quiet title was not a judgment by confession or stipulation. The suit was heard on oral and documentary evidence which was adduced. The stipulation which was filed therein merely agreed that *"without further proof* the above-entitled court may, *if it is so advised,* enter a judgment". The executor waived his right to move for a new trial and to appeal therefrom. It has been held a judgment by default or by confession on the part of an administrator or executor is binding on the estate. (11B Cal. Jur. 344, sec. 927; *Chase* v. *Swain,* 9 Cal. 130.)

It is true that a judgment which is rendered against an executor upon a mere claim for money against the estate of a decedent does not establish a lien for the satisfaction of the judgment against the property of the estate. (Sec. 730, Probate Code; 11B Cal. Jur. 353, sec. 934.) In the present case, however, the judgment which was rendered in the suit to quiet title was not founded on a claim for a mere money judgment against the estate. It was a suit to establish title to a sum of money which the court specifically found did not belong to the estate. In that suit the court granted the plaintiff a lien on the real property in the custody of the executor of the estate to secure payment of the specified sum of money belonging to plaintiff to which the estate had no title or right of possession. Under such circumstances the court of equity had a right to require the payment of that sum of money to the owner thereof, without providing that it should be paid to her "in due course of administration of the estate". An executor has no right to administer on property which does not belong to the estate.

The court, having acquired jurisdiction of the parties and of the subject-matter which were involved in the suit to quiet title, was authorized to render the judgment quieting title in plaintiff to the undivided one-fourth interest in both the real and the personal property belonging to her. That judgment is binding on both the estate and Mary Jane Fleming

Hollyfield, and may not be collaterally attacked in this proceeding.

In the case of *Crew* v. *Pratt,* 119 Cal. 139, at page 149 [51 Pac. (2d) 38, 42], it is said:

"It may be stated, as a general proposition, that a judgment is conclusive, not only as to the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case; the presumption being that all such issues were really met and decided."

In 1 Freeman on Judgments, fifth edition, page 603, section 305, it is said regarding the rule prohibiting collateral attacks upon judgments that:

"If he (the judgment debtor) omits or neglects to test the soundness of the judgment by . . . direct methods available for that purpose, he is in no position to urge its defective or erroneous character when it is pleaded or produced in evidence against him in subsequent proceedings. . . . This rule of inhibition against collateral attempts to avoid the judgment may be expressed in the following manner: Judgments of a legally organized judicial tribunal, proceeding within the scope of its allotted powers, and possessing the requisite jurisdiction over the subject matter of the suit and the parties thereto, whether correct or erroneous, cannot be called in question by the parties or privies in any collateral action or proceeding."

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.