[No. 8,765.  In Bank.—June 27, 1884.]

CHARLES A. BAYLY, RESPONDENT, *v.* WILLIAM
MUEHE, APPELLANT.

FORECLOSURE — PARTIES — HEIRS OF MORTGAGOR. — In an action against an
administrator to foreclose a mortgage, the heirs of the deceased mortgagor are
not necessary parties.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco.

Action to quiet title. The remaining facts are stated in the
opinion.

*F. J. Castelhun,* and *Stanly, Stoney & Hayes,* for Appellant.

The heirs of the mortgagor were not necessary parties to the
foreclosure suit. Pending administration on the estate of a
deceased mortgagor, his administrator represents the title, and is
the only necessary party. (Code Civ. Proc. § 1582; *Union W.
Co.* v. *Murphys F. F. Co.* 22 Cal. 627; *Lord* v. *Morris,* 18 Cal.
490; *Ellis* v. *Polhemus,* 27 Cal. 350; *Eubanks* v. *Leveridge,* 4
Sawy. 274.) This representation of the title by the adminis-
trator is not an exception to the rule of practice in this State,
but is in perfect harmony with our system.

Our courts have decided that an action of *ejectment* is properly
brought in the name of the administrator (*Curtis* v. *Herrick,*
14 Cal, 117. *Meeks* v. *Hahn,* 20 Cal. 620); that the *heir* during
administration *cannot* maintain *ejectment* (*Meeks* v. *Kirby,* 47
Cal. 169; *McCrea* v. *Haraszthy,* 51 Cal. 151), not even when
a *vacancy* occurs in the office of administrator (*Chapman* v.
*Hollister,* 42 Cal. 463); that a judgment in ejectment against
the administrator operates upon the title of the heirs, although
not parties to the action. (*Cunningham* v. *Ashley,* 45 Cal. 485;
*Meeks* v. *Vassault,* 3 Sawy. 206; *De Halpin* v. *Oxarart,* 58
Cal. 101.) If the administrator neglect to bring suit until the
right of action to recover the land be barred by limitation, the
heirs, whose right of action has been suspended, will be barred
also. (*Meeks* v. *Olpherts,* 100 U. S. 564; *Meeks* v. *Vassault,*
3 Sawy. 206.)

An action *to quiet title* is properly brought in the name of the
administrator (*Curtis* v. *Sutter,* 15 Cal. 265; *Teschemacher* v.

*Thompson*, 18 Cal. 20); and cannot be maintained by the heir. (*Harper* v. *Strutz*, 53 Cal. 655.)

"An executor or administrator or trustee of ·an· express trust, or a person expressly authorized by statute, may sue without joining with him the person or persons for whose benefit the action is prosecuted," etc. (Code Civ. Proc. § 369.) "When a person, who is bound by contract in writing to convey any real estate, dies before making the contract, and in all cases where ·such decedent, if living, might be compelled to make such conveyance, the Probate Court may make a decree authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto." (Code Civ. Proc. § 1597.)

An action to compel the specific performance of a contract to convey land may be maintained against the administrator. (*Lowell* v. *Kier*, 50 Cal. 646.) And when the purposes of administration are accomplished, *after notices have been posted in three public places for ten days*, the Probate Court renders a decree *conclusively* determining who are the heirs or devisees, and distributing to them the property, real or personal, of the decedent. (*Freeman* v. *Rahm*, 58 Cal. 114.)

The enforcement of the lien in an action to which the heirs of the mortgagor are not parties, is not taking property "without due process of law." (Rorer on Judicial Sales, § 27; *Wilkinson* v. *Leland*, 2 Peters, 627; *Watkins* v. *Holman*, 16 Peters, 25; *Grignon's Lessee* v. *Astor*, 2 How. 319; *Robb* v. *Lessee etc.* 15 Ohio, 689; *Brenham* v. *Story*, 39 Cal. 185.)

*Stetson & Houghton*, and *A. & H. C. Campbell*, for Respondent.

No title passed by the sheriff's deed, as the parties who held the legal title, the heirs of the mortgagor, were not parties defendant in the foreclosure action.

Upon the death of a person in this State without disposing of his property by will, it "passes to the heirs of the intestate," etc., subject to the control of the Probate Court, and to the possession of any administrator appointed by that court for the purposes of administration. (Civ. Code, § 1384; 1 Hittell, § 2329; *Crosby* v. *Dowd*, 61 Cal. 557; *Beckett* v. *Selover*, 7 Cal. 216; § 1504, Code Civ. Proc.; *Falkner* v. *Folsom*, 6 Cal. 412.) It is elementary law, that the heir takes an absolute title

to the land of the intestate, subject only to be defeated or charged
with the debts in the manner provided by the statute. (*Fonda*
v. *Chapman.* 23 Hun, 121.) The legal title is vested in such
heirs, and temporary possession given to the administrator for
certain purposes. And in all cases the parties holding the legal
title to the land must be made parties defendant in foreclosure
suits, or their rights will not be affected. (*Whitney* v. *Higgins,*
10 Cal. 551; *Montgomery* v. *Tutt,* 11 Cal. 314; *Burton* v. *Lies,*
21 Cal. 87; *Payne* v. *Payne,* 18 Cal. 291; *Goodenow* v. *Ewer,* 16
Cal. 461; *Boggs* v. *Hargrave,* 16 Cal. 562; *Skinner* v. *Buck,*
29 Cal. 256; *Renshaw* v. *Taylor,* 7 Oreg. 321.)

"If the mortgagor has died seized of the mortgaged estate,
*his heirs at law are indispensible parties.* It is not enough to
make his executor or administrator a party to it. The personal
representative has no title to the land, though in some States he
has a temporary right of possession." (2 Jones Mortgages,
§ 1414; 2 Hilliard Mortgages, § 133; *Calverly* v. *Phelps,* 6 Madd.
144; *Williamson* v. *Field,* 2 Sand. Ch. 562; *McIver* v. *Cherry,*
8 Humph. 715; Edwards on Parties, 91; *Ohling* v. *Luitjens,* 32
Ill. 23; *Hall* v. *Huggins,* 19 Ala. 200; Story Eq. Plead. § 196,
9th ed.; *Doe* v. *McLoskey,* 1 Ala. 709; *Hunt* v. *Acre,* 28 Ala.
580; *Stark* v. *Brown,* 12 Wis. 572; *George* v. *Cooper,* 15
W. Va. 672.)

There is no privity between the heirs and executors or admin-
istrators. (Bigelow on Estoppel, 78 and authorities; *Garnett*
v. *Macon,* 6 Call, 308; *Stone* v. *Brown,* 16 Tex. 425; 2 Phill.
Ev. p. 14, n. 259, and authorities; *Osgood* v. *Manhattan Co.* 3
Cowen, 622; *Masons etc.* v. *Peters' Adm'r,* 1 Munf. 446; *Neal*
v. *McCombs,* 2 Yerg. 12–17.)

A statute which would conclude the heir without his being a
party, would be unconstitutional. (*Renshaw* v. *Taylor,* 7 Oreg.
321.)

The COURT. — For the reasons given in the opinion delivered
when this case was before Department One of this court, the
judgment is reversed and cause remanded, with directions to
the court below to render judgment for defendant on the findings.

THORNTON, J., dissenting. — I dissent. I adhere to my
opinion formerly filed, and desire it to stand as my opinion in

this case. Conceding that the legislature has the power to dispense with the heirs of an intestate as parties to a suit to foreclose a mortgage executed by their intestate, and to provide that such suit be against the administrator as the sole party, it has not done so. No statute has been called to my attention which has this effect, nor have I been able to find one.

Petition for a rehearing denied.

The case was heard in Department and twice heard in Bank.

The following is the opinion of Department One, filed May 30, 1883.

Ross, J. —One Baker owned a tract of land which he mortgaged to one Livermore, and then died intestate, leaving surviving him certain heirs at law. An administratrix of his estate was appointed, to whom the mortgage claim was presented, and the same was duly approved and allowed. Livermore then commenced suit against the administratrix to foreclose the mortgage. To that suit none of the heirs of the mortgagor were made parties. The proceedings in the action were regularly had and taken, and resulted in the entry of a decree of foreclosure in the usual form, the issuance of an order of sale, the sale of the mortgaged premises pursuant to its direction, and the execution of the sheriff's deed in due course of time.

The question is, did the title to the property pass to the purchaser under the foreclosure proceedings?

At the time of Baker's death the statute concerning descents and distribution provided that "when any person having title to any estate, not otherwise limited by marriage contract, shall die intestate as to such estate, it shall descend and be distributed, *subject to the payment of his or her debts*, in the manner therein stated, and at the same time another provision of our probate system was, and since has been, as follows: — "Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates."

If Baker had lived, there can be no doubt that the action for the foreclosure of the mortgage could have been maintained

against him, and that a judicial sale and conveyance—the pro-proceedings being regular—would have passed the title of the property to the purchaser. If, then, an action for the fore-closure of a mortgage is founded upon contract, the same result must follow, under our statue, when the action is brought against the executor or administrator of the testator or intestate; for it would not do to say that the statute authorizes the maintenance of such an action against the executor or administrator to the same extent as it might have been maintained against the testator or intestate, and yet to hold that a sale and conveyance made in pursuance of a decree duly rendered in such an action passed no title. The very purpose of a foreclosure suit under our system is to procure a legal determination of the existence of the lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its payment. That such a lien arises out of contract is plain. The mortgage itself is a contract pledging the property embraced in it for the payment of the debt it is given to secure. The action of foreclosure is founded on this as well as the principal contract for the payment of the money, and the statute declaring that "all actions founded upon contracts may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates," we must hold that the executors or administrators, as the case may be, represent the title of their respective testators or intestates in such foreclosure suits, and that the statute has so far changed the common-law rule as to render it unnecessary to make the heirs parties. It has even been held in this State that a judgment in ejectment against the administrator concludes the heirs, although not parties to the action. (*Cunningham* v. *Ashley,* 45 Cal. 485; *De Halpin* v. *Oxarart,* 58 Cal. 101.)

Judgment reversed and cause remanded.

The following is the dissenting opinion of MR. JUSTICE THORNTON, filed January 11, 1884.

THORNTON, J.—I dissent. It has been held in this State, at least since *Beckett* v. *Selover,* 7 Cal. 215, was decided, that, under the system of law prevailing with us, the real and personal estate of a person dying intestate vests in the heir, subject to the

lien of the administrator, for the payment of debts and expenses· of administration. I know of no statute and no decision changing the rule as above stated, viz., that the title vests in the heir. Legislation subsequent to this decision may have changed the right of an administrator from a lien, though I am not prepared to say that the administrator's right as to real estate is not now a lien coupled with a right of possession, for the purposes of administration. I do not think the title to the realty ever vests in the administrator under our system now, or that it ever did. In order to make a valid decree of foreclosure and sale, the parties holding the title to the estate mortgaged must be made parties to the action, or the decree is void against them. (See *Goodenow* v. *Ewer,* 16 Cal. 461 ; *Boggs* v. *Hargrave,* 16 Cal. 559.) This was held where the mortgagor, before the action· for foreclosure was commehced, had conveyed the mortgaged premises to a third person. The purchaser not having been made a party, the decree was held invalid as to him, and subject to collateral attack. I can see no difference, under our system, between a person deriving title from the mortgagor by his own act, or by operation of law. Nor can I see that the sections of the statute cited in the opinion of the majority affect the question. Because the title descends to the heir subject to the payment of debts, certainly cannot change the rule. The title is still in the heir, and he has a right to be before the court to see that it is not improperly divested. The right to bring actions, given to the administrator by the statute, may co-exist with this right in the heir. It is not necessary for the administrator to have a title to the real or personal property in order to maintain actions under the statute for the recovery of real or personal property, or for the possession thereof. It does seem to me, that to hold that the heirs are not necessary parties in such a case as the one under discussion, is to divest a person of his title without his being heard, or having his day in court, and to deny him *due process of law,* a proceeding violative both of the State and Federal Constitutions.