[No. 12535. Department One. — March 31, 1890.]

## MONTEREY COUNTY, RESPONDENT, v. HARRIET CUSHING, EXECUTRIX, ETC., APPELLANT.

PRESUMPTION OF VERITY OF RECORD ON APPEAL — RECONCILING INCONSISTENCIES — NOTICE OF INTENTION — STATEMENT. — A notice of intention to move for a new trial, printed in the transcript, and made part of the record by stipulation, does not nullify an assertion in the statement that a notice of a different character was given. Every part of the record imports verity, and apparent inconsistencies must be reconciled, if possible. In such an instance as this it must be presumed either that the first notice was amended, or that a second notice was given.

FINDINGS WHERE NO EVIDENCE IS INTRODUCED — BURDEN OF PROOF — INSUFFICIENCY OF THE EVIDENCE, ETC. — The presumption is against the party who has the burden of proof, and if no evidence be introduced, the finding should be in accordance with such presumption. If the court errs as to the presumption, the finding is against the evidence, and can be reviewed on that ground.

BURDEN OF PROOF AS TO VALUE IN EMINENT DOMAIN. — In California, the burden of proof as to the value of land sought to be taken in eminent domain is on the defendant.

"PRIVATE ROADS."— The private roads spoken of by the statute are really a kind of public road, and land can be condemned therefor. (*Sherman* v. *Buick*, 32 Cal. 241, approved.)

EMINENT DOMAIN — PARTY PLAINTIFF — COUNTY. — Proceedings to condemn land for the purposes of a "private road" may be brought in the name of the county.

ID. — PARTY DEFENDANT — EXECUTRIX. — Proceedings to condemn land may be brought against an executrix.

ID. — DEATH OF OWNER BEFORE SUIT BROUGHT. — Where, after the preliminary proceedings before the board of supervisors, the owner dies, the suit may be brought aga nst his executrix. It is not necessary to take fresh proceedings before the supervisors.

ID. — ORDER OF THE BOARD THAT SUIT BE COMMENCED — MISTAKE IN NAME OF DEFENDANT. — The board is not the judge of the parties to be joined as defendants. All that is necessary is that it sanction the commencement of proceedings. The name of the owner is matter of description, and a mistake in the name is immaterial if the interest be otherwise identified. Therefore, where all the proceedings before the board were against V. Cushing, and the order was that suit be brought against him, his death, a few weeks before the order, does not affect its validity; and the suit may be brought against his executrix.

REPORT OF THE VIEWERS — ESTIMATE OF DAMAGE. — The report of the viewers need not draw the distinction between the value of the property taken and the damage resulting to the owner from the taking. It is sufficient if it gives a lump sum.

PLEADINGS — VERIFICATION OF ANSWER. — The answer in a proceeding in eminent domain, brought in the name of a county, need not be verified.

APPEAL from an order of the Superior Court of Monterey County, granting a new trial.

The facts are stated in the opinion.

*Charles S. Wheeler*, for Appellant.

*Geil & Morehouse*, for Respondent.

HAYNE, C. — This was a proceeding to condemn land for the purposes of a road. The trial court gave judgment for the defendant, but subsequently made an order granting a new trial; and the defendant appeals from that order.

1. At the trial the plaintiff put in evidence the preliminary proceedings before the board of supervisors, the report of the viewers, and the proceedings confirm-

ing such report, but gave no evidence of the value of the property sought to be condemned, or of the damage resulting from the segregation. The findings show that the court, in deciding the case, did not consider that the proceedings mentioned constituted any evidence of value, etc.; and it is to be inferred that it was of the opinion that the burden of proof as to value was upon the plaintiff. One of the grounds of the motion for a new trial was the insufficiency of the evidence to justify the decision as to value; and upon well-settled principles, it must be assumed that this was one of the grounds upon which the motion was granted.

The appellant makes a preliminary objection to the consideration of this ground, because, as she alleges, it was not set forth in the notice of intention. But the statement shows that the notice did set forth this ground. The appellant contends that this portion of the record is overcome by the copy of the notice of intention, which is printed in the transcript, which copy, she claims, was made a part of the record on appeal by the stipulation at the end of the transcript. But assuming that the stipulation has the effect claimed, it does not follow that the statement is to be disregarded. It imports absolute verity, and must be reconciled with other portions of the record if that be possible. Now, it is not at all impossible that within the time allowed by law, — perhaps on the same day, — the notice may have been amended by consent; or another notice, corresponding to the one shown by the statement, may have been given. Such a notice would not be part of the record on appeal (*Pico* v. *Cohn*, 78 Cal. 384), and therefore would not have to be brought up, and would not be inconsistent with the stipulation. The preliminary objection should, therefore, be overruled.

The question then is, whether the decision of the court in favor of the defendant was justified by the evidence. In examining this question, we shall assume, in

the defendant's favor, that the proceedings before the board of supervisors did not constitute evidence of the value of the land, etc. But it does not follow that the decision in favor of the defendant was right. If no direct evidence be introduced upon any issue, the finding should be against the party who had the burden of proof. (*Leviston* v. *Ryan*, 75 Cal. 294; *Speegle* v. *Leese*, 51 Cal. 415; *Connolly* v. *Hingley*, 82 Cal. 642.) To say that the burden of proof is upon a party is equivalent to saying that the presumption is against him. A presumption is indirect evidence (Code Civ. Proc., sec. 1957), and if not controverted, " the jury are bound to find according to the presumption." (Code Civ. Proc., sec. 1961.) A finding against such a presumption is a finding against evidence, and is to be reviewed upon the ground we are considering.

Then, was the burden of proof upon the defendant in relation to value, etc.?

The authorities in relation to the burden of proof as to value in proceedings in eminent domain are conflicting. (See Lewis on Eminent Domain, sec. 426.) In California the burden as to value is on the defendant. Section 1244 of the Code of Civil Procedure provides what the complaint shall contain, and it does not mention value or damage. And if the plaintiff is not required to allege value or damage, he is not required to prove it. This was the view taken in *Cal. S. R. R. Co.* v. *S. P. R. R. Co.*, 67 Cal. 63, 64. There it was objected by the defendant that the value found was less than that alleged in the complaint, and that therefore the finding was contrary to the pleadings. But the court said: " The plaintiff is not required to state the value in the complaint. (Code Civ. Proc., sec. 1244.) The allegation of the complaint as to value is an immaterial and impertinent allegation, which the plaintiff was not required to prove."

It results that the decision of the court was wrong upon the evidence, and that the order granting a new

trial was right, unless there is some other reason which shows that the plaintiff had no case. It is argued for the defendant that there are such reasons; and we proceed to consider the positions taken in this regard.

2. It is said that the road was a private road, under section 2692 of the Political Code, providing for "private or by-roads," and that land cannot be condemned for such a purpose. This point is disposed of by the case of *Sherman* v. *Buick*, 32 Cal. 241, in which it was held that the term "private road" was used merely to designate a particular kind of public road, and that, notwithstanding the somewhat inaccurate language, the use was public. It is true that the decision of this point was not strictly necessary to the disposition of the appeal. But it arose in the case, and was the main question discussed by counsel. The decision has stood for over twenty years, and as the statute has been in force during that time, it is probable that many such roads have been opened under it. Under these circumstances the decision should be followed, even if its soundness be questionable, which, however, we are not prepared to say is the case.

3. It is contended that the suit was not properly brought in the name of the county, but should have been in the name of the people of the state. Counties, however, are "bodies corporate and politic" (County Government Act, sec. 1), and may sue and be sued (sec. 4); and this particular suit was a county matter, it being expressly provided that the suit shall be brought under the direction of the board of supervisors. (Pol. Code, sec. 2690; compare *Kimball* v. *Alameda County*, 46 Cal. 19.) The practice is to bring such suits in the name of the county (see *Humboldt County* v. *Dinsmore*, 75 Cal. 604; *Tehama County* v. *Bryan*, 68 Cal. 57; *Butte County* v. *Boydston*, 64 Cal. 110); and we have no doubt of the correctness of the practice.

4. It is argued that the action was not properly brought

against the executrix.   But we think that the executrix was the proper party.   Section 1582 of the Code of Civil Procedure provides that "actions for the recovery of any property, real or personal, or for the possession thereof, . . . . may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates." This provision was considered, and its validity impliedly asserted, in *Bayly* v. *Muehe*, 65 Cal. 345, in relation to the foreclosure of a mortgage.   And we think that a proper construction requires that it should be held to apply to cases like the one before us.

The word "recovery," as used in the section, does not imply that the plaintiff had at some previous time owned or been in the possession of the property.   If, for example, the owner conveys to another land which is then in the possession of a trespasser, there can be no doubt that the grantee may maintain ejectment against such trespasser, or that it would be correct to describe such action as for the "recovery" of possession, although the plaintiff never was in possession.   So it is usual to speak of an action for the "recovery" of money under a contract, when, as a matter of course, the plaintiff was never in possession of the money.   Taking the word in this sense, we think that proceedings for the condemnation of land fall within the provision of the section.   And this is the construction to which other considerations lead.   The money awarded as compensation is to be paid to the defendant in the proceeding.   Hence the proceeding should be against the person entitled to receive the money.   And as it is clearly a part of the estate, and may be required to pay creditors, the executrix is manifestly the person entitled to receive it.

5. It is said that "the cause of action does not survive."   As the plaintiff is not dead, the expression is perhaps not entirely accurate.   If it means that the ac-

tion was not properly brought against the executrix, we have already disposed of the point. If it means that upon the death of the owner the proceedings against his interest had to be commenced all over again, we think that the point is manifestly untenable.

6. It is urged that inasmuch as the order of the board was that suit should be brought against "V. Cushing," the fact that he had died twenty days before the order was made rendered the whole proceedings void.

We do not think, however, that section 2690 of the Political Code makes the board of supervisors the judge of the question as to who are the proper parties to the action, or requires it to determine what persons are to be joined as defendants. All that is essential is, that the board should give its sanction to the commencement of the suit. And we think there can be no doubt that an order which merely stated in general terms that suit should be brought against the non-consenting land-owners would be sufficient. The designation of such land-owners by name might be proper as matter of description. But as such designation is not essential, we do not think that a mistake in the name is of vital importance, provided it can be gathered from the proceedings what interest was to be acquired. Now, in the present case, Cushing's name appeared throughout the proceedings before the board as the owner in question. The report of the viewers states that the road described takes 4.13 acres of the lands of V. Cushing, and specified quantities of the land of three other designated persons; that such other persons consented to the opening of the road, but that Cushing did not consent, and that the amount assessed as compensation to him was $20.65. Cushing was notified of the hearing of this report, and appeared and contested it; but it was confirmed, and an order was made that "the sum of $20.65 as damages be and is hereby awarded to Volney Cushing, the non-consenting land-owner, whose land is crossed by said road, and that

upon payment to said Cushing of said sum," the road should be opened for travel, etc. The money was tendered to Cushing, but was refused by him, and he subsequently died. Shortly after his death, the order that suit should be commenced against him was made. This order should be read in connection with the prior proceedings; and when so read, the interest to be acquired sufficiently appears. And we think that upon any rational construction, the order must be held to authorize the suit against his representative.

7. It is said that the report of the viewers is insufficient in that it makes no estimate of the amount of damages to be awarded to the owner. And the learned counsel seems to argue that the damage resulting from the taking is a different thing from the value of the land taken, and that the report of the viewers should state the items separately. It is quite true that the Code of Civil Procedure requires that this distinction should be drawn by the court in its findings. (Sec. 1248.) But that provision has nothing to do with the proceedings before the board of supervisors. They are regulated by the Political Code, which provides that the report of the viewers shall contain, among other things, "the estimate of the damage to the owner." (Sec. 2686.) It makes no distinction between the items of damage. For example, it says nothing about the value of the land to be taken. But as this is an important element of the damage, it must be included in the phrase quoted. It seems clear, therefore, that all that was required of the viewers was to report a lump sum, which, in their judgment, was the proper amount to be paid to the owner.

If this be the true construction, we think that the report should be held sufficient. We do not think that the report of viewers to lay out a county road, to a body like the board of supervisors, should be construed with any great degree of strictness. And it is to be remembered that such report is not binding upon the owner,

who may wait until he is brought into court, where he may prove whatever damage he may have sustained.

There is nothing in the respondent's point that the answer should have been verified. The plaintiff was neither the state " nor an officer of the state in his official capacity." (Compare *San Francisco* v. *Itsell*, 80 Cal. 60.)

We therefore advise that the order appealed from be affirmed.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.