## LOS ANGELES COUNTY v. REYES et al.

### No. 19,106; February 8, 1893.

#### 32 Pac. 233.

Eminent Domain—Opening Private Road—Damages.—Where defendant, through whose land a private road was surveyed, refused to accept the compensation awarded, and the case was tried by a jury, he cannot complain of the jury's action in assessing damages on the ground that the evidence is insufficient to justify the verdict, as the burden of proving damages rests on defendant.[1]

Eminent Domain—Private Road—Public Use.—Political Code, section 2692, provides that a private road may be opened for the convenience of one or more residents or freeholders in the same manner as public roads are opened, except that only one petitioner shall be necessary. Held, that while the principal use of such private road may be for the petitioner, as a means of egress from his farm, it is also for the use of the public, in deriving the benefit of his products, and in going to his place, and the legislature has the power to declare it a public use, for which the right of eminent domain may be exercised.[2]

----

[1] Cited and followed in Tanner v. Provo Bench Canal & Irr. Co. (Utah), 121 Pac. 589, the court adding this to the cases on the same point given in 2 Lewis on Eminent Domain, third edition, section 645.

[2] Cited in the note in 102 Am. St. Rep. 828, on uses for which the power of eminent domain cannot be exercised.

**Appeal—Oral Instructions.—The Appellate Court will not Con-**
sider an objection to oral instructions given by the trial court, where
no exception was taken, nor the attention of the court called to any-
thing objectionable therein.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by the county of Los Angeles against Pablo Reyes and others. From a judgment opening a road through defendants' property, and awarding damages therefor, defendant Reyes appeals. Affirmed.

Roberts & Robinson for appellant; James McLachlan, district attorney, Waldo M. York and B. M. Marble for respondent.

HAYNES, C.—This is an action to condemn certain lands for road purposes, by virtue of the provisions of article 6, title 6, part 3, of the Political Code, and of title 7, part 3, of the Code of Civil Procedure. The contemplated road is one designated in section 2692, Political Code, as a private road. Proceedings were duly taken by the board of supervisors, under the statute, upon the petition of Cheesebrough, to lay out and establish the road. Viewers were appointed, and reported. But defendants, through whose lands the road was surveyed, refused to accept the compensation awarded; and this proceeding was ordered by the board to be taken in accordance with the statute. The cause was tried by a jury, who found the special facts authorizing the condemnation of the land for the purposes of a private road, and assessed the damages and benefits accruing to the defendants, and the value of the land proposed to be taken; and the court, having made its findings to the effect that all the allegations of the complaint were true, and the allegations of the answer untrue, rendered the appropriate judgment. A motion for a new trial made by defendants was denied, and this appeal from the judgment and order denying a new trial is taken by the defendant Pablo Reyes alone.

The first point urged by appellant is that the evidence is insufficient to justify the verdict of the jury and the findings of the court, especially as to the damages awarded the

defendants, and the practicability of some other route than that selected by the viewers, and adopted by the court and jury. As to the first of these particulars the appellant cannot complain, if, as urged by counsel, there was no evidence, since the burden of proving the damages in condemnation cases rests upon the defendant. Counsel contend that the true rule is to determine the effect of the proposed change upon the market value of the property affected. Such evidence would, of course, cover the entire question of compensation, viz., the value of the land taken, and the damage to the land not taken, diminished by the benefits accruing to the defendant from the opening of the road; but it is not contended that defendant was prevented from giving evidence of such market value. The jury assessed the damages to the land not taken at $50, and the benefits at the same sum, and we think there was sufficient evidence to sustain each of those findings; and, as to the value of the land taken, there was evidence which, if uncontradicted, would have justified a less valuation than that found by the jury. All the facts necessary to enable the jury to make a proper estimate of the compensation to be awarded the defendant were as fully presented as could be reasonably required, and upon most points the evidence was sharply conflicting. As to whether it was practicable to locate the road upon section or quarter section lines, or by the route of Macala Canyon, the evidence was also conflicting, but, we think, largely preponderated against each of those routes, and that the selection made is fully justified by the evidence.

Counsel for appellant refer to the case of Sherman v. Buick, 32 Cal. 242, 91 Am. Dec. 577, and question its correctness. They admit that as a general rule a legislative declaration that a specified use is a public use, for which the right of eminent domain may be exercised, is not open to review by the courts, yet that when it appears plainly that property sought to be taken is for a purely private use, the courts are not bound by the declaration. But that is not this case. The use is not "a purely private use." The principal use will doubtless be by Mr. Cheesebrough, but every one of the public at large who may have occasion to visit his place has the right to use the road. Besides, the state and all its inhabitants have an interest in having the prod-

ucts of his land brought to market, thus adding to the wealth of the state, and the comfort of its inhabitants. Not that the state will do that for a man which he can do for himself; but where he is powerless to do that which is necessary to be done, and which is essential to the use and enjoyment of his property for purposes in which the public have an interest, it is clearly in the power of the legislature to declare the use a public one. This question must be regarded as settled by the case of Monterey Co. v. Cushing, 83 Cal. 511, 23 Pac. 700, where the case of Sherman v. Buick is approved. Nor is there any inconsistency between these cases and Consolidated Channel Co. v. Central Pac. R. Co., 51 Cal. 269, cited by counsel. For a more extended discussion of this subject, see the recent case In re Madera Irr. Dist., 92 Cal., especially pages 309 to 313, 27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 274, 275, 675.

It is further contended that the oral instructions given by the court were erroneous. This point cannot be considered, because no exception was taken to it, nor the attention of the court called to anything objectionable therein: Rider v. Edgar, 54 Cal. 130.

We see no objection to the instructions given to the jury at the request of the parties, nor do we think that the court erred in refusing to give the instructions requested by defendants which were not given. So far as they correctly stated the law, they were covered by instructions given; so that the court could properly decline to modify them, and none of them could properly be given without modification.

Several exceptions were taken to the rulings of the court upon the admission and exclusion of evidence; but, as the questions presented by these exceptions do not present any new or important principles of the law of evidence, it is sufficient to say that a careful consideration of them does not disclose any error which could prejudice appellant, or justify a reversal of the judgment. We therefore advise that the judgment and order appealed from be affirmed.

We concur: Vanclief, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.