H. J. FINGER, Plaintiff; ALEXANDER LYALL, Petitioner and Respondent, v. SUSAN McCAUGHEY, Administratrix, etc., Appellant.

FORECLOSURE OF MORTGAGE—ESTATE OF DECEASED PERSON—PARTIES—ADMINISTRATRIX—HEIRS—WRIT OF ASSISTANCE TO PURCHASER.—In an action to foreclose a mortgage executed by a deceased person, it is sufficient to make the administratrix of his estate a party defendant, and the heirs of the mortgagor are not necessary parties to the action, nor is it necessary that the administratrix should be sued individually in order to bar her right of succession to the mortgaged premises; and the purchaser at the foreclosure sale, after receiving his deed, is entitled to a writ of assistance against the administratrix for possession of the premises, where her answer to the application for the writ fails to show that she claims the property or the possession thereof by any right or title adverse to that of her deceased husband, whose right was foreclosed in the action to which she as administratrix was a party.

APPEAL from an order of the Superior Court of Santa Barbara County granting a writ of assistance.   W. B. Cope, Judge.

The facts are stated in the opinion.

Thomas McNulta, and W. S. Day, for Appellant.

B. F. Thomas, for Respondent.

SEARLS, C.—This is an appeal from an order of the superior court in and for the county of Santa Barbara, granting a writ of assistance in favor of Alex. Lyall and against the appellant.

The facts disclosed by the record show that on the sixth day of June, 1890, George McCaughey, defendant's intestate, executed to H. J. Finger a mortgage upon the land described therein, to secure the payment of his promissory note for five hundred dollars and interest. McCaughey died, and Susan McCaugh-

ey, his widow, was appointed, and is still, the administratrix of his estate.

The claim of Finger was presented to the administratrix and allowed by her, and the allowance approved by the judge of the superior court.

Finger brought suit to foreclose his mortgage, making the administratrix a party defendant. A notice of *lis pendens* was filed, etc. Defendant was duly served with summons and made default.

A decree in foreclosure in the usual form was entered, under which a sale was had and Alexander Lyall became the purchaser. No redemption having been made, Lyall in due time received a sheriff's deed, which he presented to appellant and demanded possession as in the decree provided for, and, upon her refusal to yield such possession, filed his petition for a writ of assistance.

Appellant in her answer avers that she was before the institution of the action in foreclosure, and still is, "in possession of the premises, the subject of said suit, under claim of right of possession and of title, and that she was never made a party to said suit and never appeared, and her right to possession has not been and was not litigated in said action. She therefore avers that she is not subject to the terms and provisions of said judgment, and, as she is advised and believes, is not subject to summary removal from said premises upon any process issued upon such judgment."

The answer of Susan McCaughey does not deny that she is the widow of the mortgagor and the administratrix of his estate. As such administratrix she is entitled to possession of his estate, and her claim of possession and a right of possession will, in the absence of a showing to the contrary, which does not here exist, be attributed to her right as an administratrix.

If the mortgaged premises consist of community property, appellant may be entitled by right of succession to an undivided one-half thereof. Still, if this is so, it was not necessary to make her individually a party defendant in order to bar her right. Heirs of a mortgagor are not necessary parties defendant in an action to foreclose. (*Bayly v. Muehe*, 65 Cal. 345; *Monterey County v. Cushing*, 83 Cal. 507; *Cunningham v. Ash-*

*ley,* 45 Cal. 485; *De Halpin v. Oxarart,* 58 Cal. 101; *Spotts v. Hanley,* 85 Cal. 167; *Collins v. Scott,* 100 Cal. 452.)

It is sufficient to say that the answer of appellant fails to show that she claims the property or the possession thereof by any right or title independent of or adverse to that of her deceased husband, whose right was foreclosed in the action to which she as administratrix was a party.

We recommend that the order appealed from be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Garoutte, J., Van Fleet, J., Harrison, J.