[Sac. No. 419. Department One.—June 25, 1898.]

LAFAYETTE DICKEY, Respondent, v. CRECENCIA GIBSON et al., Appellants.

MORTGAGE—FORECLOSURE AGAINST EXECUTRIX—PARTIES—JUDGMENT.—In an action to foreclose a mortgage against the executrix of the will of the deceased mortgagor, the executrix represents the estate, and it is not necessary that the heirs be made parties thereto, but the judgment against the executrix binds the heirs and devisees.

ID.—SHERIFF'S DEED—RELATION—ORDER SETTING APART HOMESTEAD—TITLE NOT ADJUDICATED—EJECTMENT.—A sheriff's deed under the foreclosure of a mortgage relates to the date of the mortgage, and cuts off the interest of all parties derived under the mortgagor subsequent thereto, and an order of the court, setting apart such property as a homestead for the family of the deceased mortgagor, made subsequently to the sheriff's deed, cannot impair the interest in the land acquired by the grantee named in the deed, nor adjudicate title thereto; and the fact that such grantee opposed the order, and that his opposition thereto was overruled, cannot preclude him from

establishing his title to the property in an action of ejectment. .

ID.—DEMAND—WRIT OF ASSISTANCE—RIGHT OF POSSESSION.—Though a demand for the possession of the premises was made by the judgment of foreclosure a condition of applying for a writ of assistance, it was not necessary that the purchaser, as a plaintiff in ejectment, should make such demand prior to the commencement of that action. The refusal of the court to grant a writ of assistance was not an adjudication as to the right of possession; and the right of the purchaser to bring an action of ejectment for the recovery of the land was not affected by such refusal.

APPEAL from a judgment of the Superior Court of Stanislaus County. William O. Minor, Judge.

The facts are stated in the opinion of the court.

C. W. Eastin, for Appellants.

Maddux & Stonesifer, for Respondent.

HARRISON, J.—Ejectment for certain lands in the county of Stanislaus. Samuel Gibson was the owner of the lands in question in his lifetime, and executed a mortgage thereon to the plaintiff December 2, 1889, to secure the payment of his promissory note for five thousand seven hundred dollars, with interest. Gibson died May 28, 1894, and his widow, Crecencia Gibson, was appointed executrix of his last will and testament. October 17, 1894, the plaintiff commenced an action in the superior court for the foreclosure of his mortgage against the said executrix and certain other defendants claiming interests in the mortgaged property. The executrix appeared and answered the complaint, and upon the trial of the cause judgment was rendered in favor of the plaintiff for the foreclosure and sale of the lands in satisfaction of his claim. This judgment was afterward affirmed by this court. (*Dickey v. Gibson*, 113 Cal. 26; 54 Am. St. Rep. 321.) At the sale under the judgment the plaintiff became the purchaser, and a deed for the land was executed to him by the sheriff December 8, 1895. After the execution of this deed, and after the judgment had been affirmed in this court, the surviving widow, Crecencia Gibson, made an application to the superior court to set aside the lands in question as a homestead for the use and benefit of the family of the de-

ceased. The plaintiff appeared at the hearing of this application and contested the same, but his objections were overruled, and on the nineteenth day of August, 1896, the court made an order setting apart the same as a homestead, which order was on the same day recorded in the office of the county recorder. Prior to the commencement of this action the plaintiff applied to the superior court for a writ of assistance to place him in possession of the premises, which was refused, and on the 10th of July, 1896, he commenced the present action for the possession of the land. The defendants and appellants are the surviving widow and children of Gibson, the deceased mortgagor. Judgment was rendered in favor of the plaintiff, and the defendants have appealed.

It was held in the case of *Dickey v. Gibson, supra,* that at the date of the mortgage to the plaintiff the land was the separate property of Gibson, and that the mortgage by him was valid, and created a lien in favor of his mortgagee. For the foreclosure of this lien after the death of Gibson it was not necessary to make his heirs parties defendant to the suit. (*Bayley v. Muehe,* 65 Cal. 345; *Collins v. Scott,* 100 Cal. 446.) The executrix represented the estate of Gibson, and the judgment against her bound the heirs and devisees of Gibson, and the sale under the judgment related to the date of the mortgage, and cut off the interest of all parties to the suit derived under Gibson subsequent thereto. By the sheriff's deed under this sale the plaintiff acquired all the right in the land held by Gibson at the time of his death, so that nothing passed to the defendants herein, as heirs of Gibson, either by descent or devise.

The order of the court setting apart the premises as a homestead for the family, made subsequent to the execution of this deed, did not impair the interest in the land which the plaintiff acquired by virtue of the deed. By this order the title to the land was not transferred or affected, its only effect being to withdraw the property from administration. No adjudication of title was appropriate or could be made in such proceeding. (*Estate of Burton,* 64 Cal. 428; *Estate of Kimberly,* 97 Cal. 281.) And the fact that the plaintiff's opposition to granting the order was overruled did not preclude him from establishing his title in an action for that purpose.

It was not necessary that the plaintiff should make a personal demand upon the defendants for the possession prior to commencing the present action. This provision in the judgment in the foreclosure suit was a condition annexed to his right to apply for a writ of assistance, but has no application to an action for the possession of the property. In such action his right of recovery is established by showing his title to the land, and that it is withheld from him by the defendants. Although the plaintiff derived his title through the judgment in the foreclosure suit, he was not limited to a writ of assistance for the purpose of gaining possession of the land, but was at liberty to bring an action for its recovery, and the right to. bring such action was not affected by the refusal of the court to grant a writ of assistance. (*Trope v. Kerns*, 83 Cal. 553.) The refusal of the court to grant the writ was not an adjudication of his title or right to possession as against the defendants. The court may have denied his application for the reason that they were not parties to the foreclosure suit, since in such cases courts very often refuse the writ and remit the petitioner to an action.

The judgment is affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.