[L. A. No. 1967.   Department Two.—January 14, 1908.]

## EDWARD QUIGLEY McCAUGHEY, et al., Appellants. v. ALEXANDER LYALL, et al., Respondents.

MORTGAGE—ESTATE OF DECEASED PERSON—FORECLOSURE—HEIRS NEED NOT BE MADE PARTIES.—In an action to foreclose a mortgage against the estate of a deceased person, in which his personal representative is made the sole defendant, it is not necessary to join his heirs at law in order to divest them of the title to which they succeeded on the death of the deceased.

ID.—CONSTITUTIONAL LAW.—Section 1582 of the Code of Civil Procedure, authorizing such an action to be brought against the personal representative alone, is not unconstitutional in depriving the heirs of property without due process of law.

ID.—LEGISLATURE HAS CONTROL OF DESCENT OF PROPERTY.—The legislature has full control of the subject of heirships and descents, and the heirs take subject to the conditions imposed by the statutory law, which alone gives them any right at all.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, and William G. Griffith, for Appellants.

B. F. Thomas, W. P. Butcher, and H. F. Finger, in *pro. per.,* for Respondents.

McFARLAND, J.—George McCaughey died intestate on March 1, 1890. The plaintiffs are his children and heirs at law. During his lifetime, on June 6, 1889, the deceased executed a mortgage on certain land to one H. J. Finger to secure a promissory note for five hundred dollars which was due and unpaid at the death of the decedent. After his death, Susan McCaughey was duly appointed and qualified as administratrix of his estate. The note and mortgage were duly presented to the administratrix and were allowed by her and approved by the probate judge. In January, 1894, Finger commenced an action against the administratrix to foreclose the mortgage, but did not make plaintiffs parties to such action. Such proceedings were had that a judgment of foreclosure was regularly rendered under which the land was duly sold by the sheriff on April 10, 1895, to defendant Lyall, who in due time received a sheriff's deed therefor. Several years afterwards this present action was brought by said heirs to have it adjudicated that they are the owners of an undivided one half of the said land; that the claim of the defendants thereto be adjudged null and void; that plaintiffs recover the possession of the land, etc. A general demurrer to the complaint was interposed by the defendant Lyall and by other defendants. The demurrers were sustained; and plaintiffs declining to amend, judgment was rendered for defendants. From this judgment plaintiffs appeal.

The point relied on by appellants for reversal is that the judgment in the foreclosure suit was null and void as against them because they were not made parties to that suit, and were not given notice of its pendency. Counsel for appellants say in their brief: ''This cause is brought here for the purpose of having reviewed a single question arising from the record. This question is best suggested by the inquiry—Can the heir at law be divested of the title which the law casts upon him at the death of his intestate ancestor by any proceeding to which he is not made a party? This court has more than once decided the question in the affirmative. We believe the decisions are wrong in the particulars to which we shall presently advert, and we therefore shall respectfully urge

that they be overruled and the right rule of the law established.'' This statement and admission make it unnecessary for us to review the former decisions of this court to show that they do establish the law in the manner as admitted by appellants. Some of the cases are these: *Cunningham* v. *Ashley,* 45 Cal. 485; *Bayly* v. *Muehe,* 65 Cal. 345, [3 Pac. 467, 4 Pac. 486]; *Finger* v. *McCaughey,* 119 Cal. 57, [51 Pac. 13]; *Dickey* v. *Gibson,* 121 Cal. 276, [53 Pac. 704]. In these cases it is held that in an action to enforce claims and liens against an estate where the same might have been maintained against the deceased if living, the only necessary party defendant is the administrator; and as those decisions have established a rule of property under which no doubt many titles are held, we have no disposition at this time to review the question again and consider the correctness of those decisions. It is clearly a matter to which the rule of *stare decisis* should apply.

Appellants contend that the former decisions should not be taken as final because if the construction which they give to certain sections of the code, and particularly section 1582 of the Code of Civil Procedure, are correct, then those sections are unconstitutional as violative of section 13, of article I, of the constitution of this state, which declares that no one can be deprived of property ''without due process of law,'' which they say includes ''notice'' to the person who is to be deprived of property. The fourteenth amendment of the federal constitution is also invoked. As our state constitution does not deal in any way with heirships and descents and distributions of estates, it is somewhat difficult to imagine how, on that subject, any constitutional question can be discovered or invented; at all events we see none here. The legislature had full control of the whole subject, and the rights of an heir are merely those which he takes under legislative provision; the right to be an heir at all comes from the legislature. Now the code which provides that upon the death of the ancestor the title to his land vests immediately in the heirs, has many other provisions which limit and qualify that title and subject it to many conditions deemed proper for the settlement of estates. There is no doubt that the legislature has the power to provide that in suits for the enforcement of claims and liens against the estate only the administrator need be made a party defendant; and that is exactly what the legislature did

by section 1582 of the Code of Civil Procedure, as decided by the former decisions. Counsel contends that this construction of the section is wrong—but no constitutional question arises. The legislature has also, beyond doubt, the power to declare that in proceedings against an estate, like those above mentioned, the heir should be represented by the administrator, and therefore not entitled to notice; and the former decisions declare that such, under the law, is the rule. Counsel claim that this decision is also wrong; but still no constitutional question arises. The heir takes subject to the conditions imposed by the statutory law which alone gives him any right at all.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.