[L. A. No. 7268. In Bank.—January 29, 1923.]

In the Matter of the Estate of MARGARET T. CLARK, Deceased. ELIZABETH DAVIS, et al., Appellants, v. JESSIE CLARK NEWTON, Respondent.

[1] Estates of Deceased Persons—Decree of Distribution—Appeal by Heirs.—Where an administrator refuses to appeal from a decree of final distribution in an estate in which his intestate is interested, the heirs may maintain the appeal.

[2] Id.—Acceptance of Distributed Portion — Right of Appeal.— The acceptance by heirs of the portion of an estate distributed to them does not preclude them from maintaining an appeal for the purpose of establishing a greater claim, where they are entitled to the accepted portion in any event.

[3] Id.—Succession as Statutory Heir — Character of Property— Judgment—Estoppel.—A judgment for the defendant in an action by the administrator of the estate of a husband against the administrator of the estate of the wife to recover property wherein the sole and only issue raised by the pleadings and adjudicated in the action was whether or not the property was the separate property of the husband at the time of his death, or had become prior thereto the separate property of the wife, is conclusive upon the sister of the husband claiming the right upon distribution of the wife's estate to succeed to such property as statutory heir under subdivision 8 of section 1386 of the Civil Code on the theory that it came to the wife by descent from her deceased husband.

[4] Id.—Judgment Against Administrator — Effect upon Heirs.— An adverse judgment in an action prosecuted by an administrator to recover the possession of property alleged to belong to the estate is not only binding upon him but also upon the heirs, since a judgment concludes not only the adverse party but all those claiming under the title which he represents.

[5] Judgments—Estoppel.—A judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court.

APPEAL from a part of a decree of final distribution of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

George K. Ford and Arthur Wright for Appellants.

James S. Bennett for Respondent.

LENNON, J.—Margaret T. Clark, a resident of Los Angeles County, died intestate on September 9, 1914, leaving surviving her an aunt, Arvilla Armstrong Grover, a sister of said Margaret T. Clark's mother, and also Jessie Clark Newton, a sister of said Margaret T. Clark's deceased husband. Frank Bryson, public administrator, is the duly qualified and acting administrator of the estate of the deceased, which admittedly consisted entirely of personal property derived from Frank E. Clark, husband of the deceased Margaret T. Clark, and which came to him by inheritance from the estate of his mother.

Subsequent to the death of Margaret T. Clark, her aunt, Arvilla Armstrong Grover, died, leaving as her heirs nine children and five grandchildren, the appellants herein, all of whom reside outside of the state. On the twentieth day of October, 1921, Frank Bryson, public administrator, was appointed and ever since has been the duly qualified and acting administrator of the estate of said Arvilla Armstrong Grover, deceased.

A petition for distribution was filed by Bryson, as administrator of the estate of Margaret T. Clark, deceased, alleging that "the next of kin and heirs at law of said deceased are unknown" and praying that said estate be distributed "to the persons entitled thereto."

The children and grandchildren of Arvilla Armstrong Grover, deceased, the appellants herein, as the successors in interest of said Arvilla Armstrong Grover, deceased, presented their petition for distribution, to them, of the entire estate of said Margaret T. Clark, deceased, upon the ground that said Arvilla Armstrong Grover was the only heir at law of said Margaret T. Clark, deceased.

The petition of appellants that all of the estate of Margaret T. Clark, deceased, be distributed to them was opposed by Jessie Clark Newton upon the ground that the property in controversy, at the time of the death of Frank E. Clark, was his separate property and having come to said Margaret

T. Clark by descent, she, Jessie Clark Newton, as sister of said Frank E. Clark, deceased, pursuant to the provisions of the concluding clause of subdivision 8 of section 1386 of the Civil Code, was the statutory heir of Margaret T. Clark, deceased, and, therefore, was entitled to have distributed to her that portion of the said estate. The petition of Jessie Clark Newton was in turn opposed by the heirs of Arvilla Armstrong Grover, deceased, upon the ground that the property in controversy at the time of the death of Frank E. Clark and prior thereto was the separate property of Margaret T. Clark.

Prior to distribution herein, the Pasadena Trust and Savings Bank was appointed and qualified as administrator of the estate of Frank E. Clark, deceased, and as such administrator commenced an action against Bryson, as administrator of the estate of Margaret T. Clark, deceased, to recover from Bryson the possession of all of the property of said last-mentioned estate upon the ground that at the time of the death of Frank E. Clark said property was his separate property and that said Trust and Savings Bank, as the administrator of his estate, was entitled to its possession. The court in that action gave judgment in favor of the administrator of the estate of Margaret T. Clark, deceased, against the administrator of the estate of Frank E. Clark, deceased. The judgment was made and based upon findings "that at the time of her death said property was the separate property of said Margaret T. Clark," and that she "long prior to the death of Frank E. Clark, became the owner, in possession of, and entitled to the possession of said property." That judgment was, upon appeal, affirmed. At this point it should be noted that the opposition and answer of the appellants herein to the petition of the respondent, Jessie Clark Newton, pleaded "that said Jessie Clark Newton was, at the time of the filing of her said petition for distribution herein, since has been and is now estopped" by said above-mentioned judgment from claiming said or any property of the estate of Margaret T. Clark, deceased.

Upon the hearing of the probate proceeding for distribution in the court below, the judgment-roll in the action just above referred to was offered by appellants and received in evidence over the objection of respondent, Jessie Clark New-

ton, that it was "incompetent, irrelevant and immaterial and did not constitute an estoppel between any of the parties to the present proceedings."

The court below, sitting in probate, having heard the evidence adduced in response to the issues raised by the petitions and counter-petitions for distribution, found among other things "that said judgment is not binding upon this court sitting in probate and the said Jessie Clark Newton is not estopped by said judgment to claim said estate as heir at law of the said Margaret T. Clark, deceased." The court further found that at the time of the death of Frank E. Clark, his widow, Margaret T. Clark, succeeded to an equal one-half of the property and estate owned by said Frank E. Clark at the time of his death, and that as to the other one-half of the estate of Frank E. Clark, any right to recover possession thereof from the administrator of the estate of Margaret T. Clark had been lost by laches and barred by the statute of limitations. With these findings as a basis the court further found that Jessie Clark Newton, upon the death of Margaret T. Clark, by virtue of and pursuant to the concluding clause of subdivision 8 of section 1386 of the Civil Code, succeeded to the one-half of the estate of said Frank E. Clark, found to have been succeeded to by said Margaret T. Clark. This was virtually a finding that the property in question was the separate property of Frank E. Clark at the time of his death. It was accordingly decreed that one-half of the proceeds of the property and estate of Margaret T. Clark be distributed to Jessie Clark Newton and that the other one-half be distributed to the administrator of the estate of Arvilla Armstrong Grover. The administrator of the estate of Arvilla Armstrong Grover accepted the portion of the estate of Margaret T. Clark so distributed to him and subsequently, upon a petition for distribution in that estate, that portion was distributed to appellants.

The appeal now before us is from that part of the decree of final distribution made in the matter of the estate of said Margaret T. Clark, deceased, awarding to Jessie Clark Newton, respondent herein, "the sum of $11,245.41, being the proceeds of the property and estate of Margaret T. Clark received by her by succession from her said husband, Frank E. Clark, together with the interest, income and other rents,

issues and profits thereof, and amounting to one-half of the estate in the possession of said administrator at the time of the settlement of his final account herein.''

It is insisted at the threshold that the appeal should be dismissed and a motion to dismiss has been made, based upon the following grounds: (1) that the heirs of Arvilla Armstrong Grover have no standing to maintain the present appeal and (2) that said heirs are estopped to prosecute this appeal by reason of the fact that they accepted that portion of the estate awarded to them by the decree of distribution in question.

[1] Pursuant to the provisions of the Code of Civil Procedure "successors in interest" are authorized to petition for distribution and "persons interested" are authorized to "appear and contest" the petition of another for distribution and "parties aggrieved" are authorized to appeal. (Secs. 1665, 1668, 1713 to 1715, 938, Code Civ. Proc.) Nevertheless it is insisted by respondent that inasmuch as the exclusive control of actions for the collection of money due an intestate is in the administrator of the estate, this appeal should have been prosecuted by Frank Bryson, as administrator of the estate of Arvilla Armstrong Grover, deceased, in behalf of her heirs, and that the heirs themselves have no standing to maintain this appeal. This appeal, however, is not a civil action brought by the heirs for the collection of money due an intestate, but an appeal from an order of final distribution, which is a proceeding *in rem*. (*William Hill Co.* v. *Lawler*, 116 Cal. 359 [48 Pac. 323].) But, if this had been an action to recover personal property rather than a proceeding for the distribution of the estate of deceased, respondent's contention that the administrator alone could prosecute the appeal cannot be sustained, for the reason that it is an admitted fact in the instant case that the administrator has declined to appeal. The general rule that the heir may not, in his individual capacity, bring an action to collect debts due the estate applies only in the absence of special circumstances. And the refusal of the administrator in the instant case to prosecute the appeal is such a circumstance. (*Holland* v. *McCarthy*, 177 Cal. 507 [171 Pac. 421].) Furthermore, if this had been a civil action, the heirs could by proper allegation and by making the administrator a defendant by reason of his refusal to act or join with the heirs,

have maintained the action. (*Hall* v. *Southern Pacific Co.*, 40 Cal. App. 39, 42 [180 Pac. 20].) There is no good reason, therefore, why they should not be permitted here, after his refusal to act, to maintain this appeal.

[2] Respondent's second ground for dismissal is also without merit. The appellants here, in any event, were entitled to the one-half of the estate of Margaret T. Clark, deceased, distributed to the administrator of the estate of Arvilla Armstrong Grover, and subsequently distributed to them in that estate. It is well settled that an appellant is not precluded from maintaining an appeal for the purpose of establishing a greater claim where it appears that he is entitled to that which he has accepted but is claiming something more. (*Estate of Ayers*, 175 Cal. 187 [165 Pac. 528].)

The motion to dismiss is therefore denied.

[3] In support of the appeal it is the contention of appellants herein that the judgment in the action between the administrator of the estate of Frank E. Clark, deceased, and the administrator of the estate of Margaret T. Clark, deceased, which adjudged the title to the property here in controversy to be in Margaret 'T. Clark, as her separate property, at the time of the death of her husband, was binding upon Jessie Clark Newton, represented as she was as heir of Frank E. Clark in that proceeding, by the administrator of the estate of her brother.

This contention, we think, must be sustained. The pleadings and findings of the court in that action between the respective administrators of the estates of Frank E. Clark, deceased, and Margaret T. Clark, deceased, show unmistakably that the sole and only issue raised by the pleadings and adjudicated in the action was whether or not the property in controversy here was the separate property of the husband, Frank E. Clark, at the time of his death, or had become, prior thereto, the separate property of his wife, Margaret T. Clark. In other words, the issue there was, in whom was the title and ownership of the property in controversy at the time of the death of Frank E. Clark, and the judgment was that the property at the time of the death of Frank E. Clark was the separate property of Margaret T. Clark, since deceased. In that action the judgment was binding not only upon the administrator who prosecuted the action, but upon the heirs as well of the intestate, Frank E.

Clark, deceased. The administrator represented the title which the deceased, Frank E. Clark, had at the time of his death. The claimed titles to the property in dispute in the action in question were, of course, hostile to one another and had been directly opposed before the court rendering the judgment, in which the superiority of one title over the other was ascertained and fixed by the judgment. [4] And whatever the rule may be in other jurisdictions, it is the rule in this state that the judgment concludes not only the adverse party but also all those claiming under the title which he represented. (*Cunningham* v. *Ashley,* 45 Cal. 485; *De Halpin* v. *Oxarart,* 58 Cal. 101; *Bayly* v. *Muehe,* 65 Cal. 345 [3 Pac. 467, 4 Pac. 202, 486]; *Spotts* v. *Hanley,* 85 Cal. 155 [24 Pac. 738]; *Collins* v. *Scott,* 100 Cal. 446 [34 Pac. 1085]; *Finger* v. *McCaughey,* 119 Cal. 59 [51 Pac. 13]; *Dickey* v. *Gibson,* 121 Cal. 276 [53 Pac. 704]; *McCaughey* v. *Lyall,* 152 Cal. 615 [93 Pac. 681]; *Meeks* v. *Olpherts,* 100 U. S. 564 [25 L. Ed. 735, see, also, Rose's U. S. Notes]; *Lloyd* v. *Ball,* 77 Fed. 365.)

[5] That judgment is binding not only in proceedings upon the same but also upon a different cause of action in so far as it settles and determines questions of fact. (23 Cyc., 1288–1290.) It is well settled that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes *incidentally* in question in relation to a *different* matter in the same or any other court. (Freeman on Judgments, secs. 249 and 253; *Lamb* v. *Wahlenmaier,* 144 Cal. 91 [103 Am. St. Rep. 66, 77 Pac. 765]; *Reed* v. *Cross,* 116 Cal. 473, 484 [48 Pac. 491]; *Atchison & S. F. Ry.* v. *Nelson,* 220 Fed. 53 [135 C. C. A. 621].) That is to say, ''a matter of fact once adjudicated by a court of competent jurisdiction, concurrent or exclusive, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law, in chancery, in probate or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it, and this too whether the subsequent suit is upon the same or a different cause of action. The facts decided in the first suit cannot be dis-

puted." (Bigelow on Estoppel, pp. 110, 111, 112; *Rauer* v. *Rynd*, 27 Cal. App. 556 [150 Pac. 780].)

In the application of the doctrine of *res judicata* there is, sometimes, a distinction to be made concerning the effect of the judgment in a former action. Thus (1) a former judgment may be conclusive evidence that no cause of action exists. That is to say, it may be offered not as estoppel to proof of any fact, but as proof of the nonexistence of a cause of action at all. Or (2) treated from the standpoint of its use as a piece of evidence, it may be produced when specifically pleaded as an estoppel, as was done in the instant case, as evidence of some material fact in the cause of action on trial, the truth of which both parties are estopped from denying. In the latter case the judgment gives an indefinite life and irrebuttable probative force to any fact found by the judgment to be true. The latter is the effect produced when the controversy is again raised in another suit upon a different cause of action. It is the latter use which was pleaded for the judgment in question by appellants here.

The presentation of a petition for distribution to herself as statutory heir of Margaret T. Clark, deceased, by Jessie Clark Newton was tantamount to the institution of a proceeding which necessarily had for one of its purposes the relitigation of the ownership of the property in controversy here, title to which had been previously litigated and adjudged adversely to her. Section 1386 of the Civil Code, and particularly the concluding clause of subdivision 8, pursuant to the provisions of which Jessie Clark Newton claims to be entitled to share in the distribution of the estate of Margaret T. Clark, deceased, reads as follows:

"If the estate, or any portion thereof, was the separate property of such deceased spouse, while living, and came to such decedent from such spouse by descent, devise, or bequest, such property goes in equal shares to the children of such spouse and to the descendants of any deceased child by right of representation, and if none, then to the father and mother of such spouse, in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brother and sister of such spouse and to the descendants of any deceased brother or sister by right of representation."

Heirship depends upon certain facts. Here the relationship of heir of Jessie Clark Newton to Margaret T. Clark, deceased, under the provisions of the code section just above quoted, depends upon two facts: (1) the fact of the relationship of sister of Jessie Clark Newton to Frank E. Clark, deceased, which is admitted, and (2) the fact of the ownership of the property by Frank E. Clark, deceased, at the time of his death and the taking of that property by his wife by descent.

If, as found by the court sitting in probate, the property in controversy was the separate property of Frank E. Clark, deceased, at the time of his death, and had come to his wife, Margaret T. Clark, deceased, by succession, then, of course, under the provisions of the above-quoted code section, Jessie Clark Newton was entitled to that portion so coming to the wife by succession. On the other hand, if the property in controversy was not the separate property of Frank E. Clark, deceased, at the time of his death, Jessie Clark Newton had no foundation for her claim as an heir of the estate of Margaret T. Clark, for if at the time of her death the property was the separate property of Margaret T. Clark and had not come to her by descent from her deceased husband, her aunt, Arvilla Armstrong Grover, was her sole heir. (Civ. Code, sec. 1386, subd. 5.) Therefore, the primary question presented to the probate court for decision upon the issues raised by Jessie Clark Newton's opposition to the petition for distribution was the question of whether or not the property in controversy was the separate property of Frank E. Clark, deceased, at the time of his death. This was, as before pointed out, the sole question at issue in the previous action brought by the administrator of the estate of Frank E. Clark, deceased, for the recovery of the property of the estate of Margaret T. Clark, deceased, from the administrator thereof.

But it is insisted by respondents that the jurisdiction of the probate court to determine the heirs and to distribute the estate to them cannot be controlled by an adjudication of a co-ordinate court having neither controlling nor revisory jurisdiction in probate matters. Concededly the probate court had jurisdiction for the purpose of distribution to determine who were the heirs of Margaret T. Clark, deceased. But obviously before Jessie Clark Newton could

be determined to be a statutory heir under the provisions of subdivision 8 of section 1386 of the Civil Code and distribution accordingly awarded to her, it was necessary for the probate court to ascertain, preliminarily and incidentally, from the evidence adduced in response to the issues raised by the petitions and counter-petitions, the source of the title to the property sought to be distributed and thereby determine the character of the estate of which Margaret T. Clark, deceased, died possessed. That is to say, to determine whether or not such property came to her by descent from her husband and was his separate property at the time of his death. This, not for the purpose of finally adjudicating a disputed title, for this would be in excess of the jurisdiction of the probate court (*Estate of Rathgeb,* 125 Cal. 302 [57 Pac. 1010]), but merely for the purpose of determining whether the property in question was of the character claimed for it by Jessie Clark Newton in support of her petition for distribution of said property to her as the statutory heir of Margaret T. Clark, deceased. The only evidence offered and received upon the hearing of the proceeding for distribution consisted of the judgment-roll in the action wherein the title to the property in question was finally adjudicated to be in Margaret T. Clark, as her separate property at the time of the death of her husband, and having been obtained in a forum which had jurisdiction to litigate said title, was, therefore, conclusive as a matter of evidence upon the probate court and should have compelled a finding that Jessie Clark Newton was not entitled to the distribution which she prayed for.

It is argued, however, by respondent that inasmuch as Jessie Clark Newton claims not as heir of Frank E. Clark, deceased, but as statutory heir of Margaret T. Clark, deceased, that she is not in privity with the adverse party in the former proceeding and that the judgment therein is not *res judicata* as to her. While, theoretically, it may be that the parties in the present suit are not, by reason of the fact that they are all claiming as heirs of Margaret T. Clark, deceased, adverse parties in the strict sense, nevertheless under the circumstances of this particular case it cannot be denied that, as a practical matter of fact, the same adverse rights which were directly and adversely opposed in the former

suit are the same as are adversely opposed in the proceeding here. The former action, brought by the administrator of the estate of Frank E. Clark, deceased, was brought by the administrator for the benefit of the heir of Frank E. Clark, Jessie Clark Newton, respondent herein. And in that action he was opposed by the administrator of the estate of Margaret T. Clark, deceased, not only for the benefit of Margaret T. Clark, deceased, but for the benefit of the ultimate heirs of Margaret T. Clark, appellants herein. (*Bowman* v. *Parks,* 166 Iowa, 403 [147 N. W. 850].)

Had the probate court found in accordance with the only evidence adduced upon the hearing for distribution, it must necessarily have found that the property did not come to Margaret T. Clark by descent from her husband, in which event Jessie Clark Newton, the respondent herein, was not entitled to participate in the distribution of the estate. That part of the decree appealed from must, therefore, be reversed and it is so ordered.

Myers, J., Waste, J., Wilbur, C. J., Seawell, J., Lawlor, J., and Kerrigan, J., concurred.

Rehearing denied.

All the Justices present concurred.